# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**SEMEN TETRUASHVILI,**

    **Applicant/Petitioner,**

**vs.**　　　　　　　　　　　　　　　　　　　**CIVIL NO. 07-0517 RB/LAM**

**BRICK TRIPP, Warden**

    **Respondent.**

### AMENDED GOVERNMENT'S MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

    The United States of America, through its counsel LARRY GOMEZ, Acting United States Attorney for the District of New Mexico of New Mexico, and BILL PFLUGRATH, Assistant United States Attorney, requests that the Petition for Writ of Habeas Corpus filed by **SEMEN TETRUASHVILI,** petitioner, be dismissed on grounds of mootness, because petitioner was released from Bureau of Immigration and Customs Enforcement ("ICE") custody.

    Amended to correct the date below from September 8, 2007, to September 5: the day the letter from the Georgian Consulate was provided.

    Counsel for the United States regrets the delay in responding to this Court. It had been advised by Department of Homeland Security (DHS) that it was pursuing petitioner's release and I did not wish to ask for an extension when action was promised by September 4, 2007. On September 5, however, I became aware of a letter from the Consulate of Georgia in which petitioner was not recognized by the Ministry of Justice, and therefore, travel documents would not be issued. Given the nature of that letter and the length of time petitioner has been in custody, I requested DHS pursue release that

day. Unfortunately, petitioner did not have any place to go. Therefore, it took two additional days to coordinate for his release to a half-way house at his request. DHS confirms that petitioner has been released today, and I regret any inconvenience to the Court in failing to provide a more timely response to the petition in this case.

On September 7, 2007, petitioner was released from custody. He was placed on conditions of supervised release pursuant to 8 U.S.C. § 1231(a)(3)(a)(6) (providing conditions of supervision during release after removal period has expired). He was escorted to the following address by Agent Omar Alvarado and may be contacted at: **El Paso Rescue Mission, 1949 West Paisano, El Paso, Texas 79922**. This is a half-way house and may be reached at (915) 532-2575. Counsel for the United States called that facility at 5:27 p.m. and confirmed he is there.

The United States recognizes the "in custody" requirement of 28 U.S.C. § 1142(c)(1) may remain satisfied, however, although released because petitioner was in custody when he filed his petition. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Riley v. I.N.S., 310 F.3d 1253, 1256 (10th Cir. 2002). However, because this court can no longer grant the relief requested (i.e., immediate release), the case becomes moot unless petitioner's case meets one of the exceptions to the mootness doctrine. See Church of Scientology v. United States, 506, U.S. 9, 12 (1992); Riley, 310 F.3d at 1256.

A court will not dismiss a case that has become moot if: (1) secondary or collateral injuries will survive after resolution of the primary injury; (2) the issue is one that is capable of repetition yet evading review; (3) the Government ceases an allegedly illegal process but it is free to resume it at any time; or (4) it is a certified class action suit. Riley, 310 F.3d at 1257. The first and fourth exceptions are not applicable to petitioner. As to the second exception, the United States agrees that it may place petitioner in custody again, if the opportunity to remove him develops in the future. Accord Zadrydas v. Davis, 533 U.S. 678, 701 (2001) ("an alien may be held in

confinement until it is determined that there is no significant likelihood of removal in the reasonably foreseeable future" as implicitly recognizing that conditions change).  If that were to occur, however, there is no reason to believe the custody will be of such a short duration that it would evade the opportunity for review at that time.  See Quacoe v. Maurer, –F.3d–, 2006 WL 2038014 at * 2 (D.Colo. Jun 13, 2006).

The third exception, voluntary cessation, is also inapplicable because there is no evidence that ICE lacked a belief in the significant likelihood of petitioner's removal in the reasonably foreseeable future.  Even if ICE were to resume defendant's custody in the future, petitioner would still have remedies available to him at that time.  The likelihood of renewed custody is too speculative to meet this is a narrow exception.

Because none of the exceptions to the mootness doctrine applies, petitioner's release from ICE custody granted his prayer for relief and deprived this Court of a live controversy for consideration.  See Article III, § 2, of the Constitution; Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Counsel for plaintiff has been contacted and does not oppose this motion.  He has confirmed petitioner is currently residing in Albuquerque.

The United States therefore requests petitioner's challenge to the legality of his detention be denied as moot.

                              Respectfully submitted,

                              LARRY GOMEZ
                              Acting United States Attorney

                              **/S/ Electronically filed**
                              BILL PFLUGRATH
                              Assistant United States Attorney
                              Post Office Box 607
                              Albuquerque, New Mexico  87103
                              (505) 224-1462

A copy of this motion was placed in the
mail for petitioner on September 7,
2007, addressed to his address provided

above.
**/S/ Electronically filed**
BILL PFLUGRATH
Assistant United States Attorney